IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICKY GONZALES,

    Petitioner,                            No. CIV S-07-2435 GEB DAD P

    vs.

ROBERT A. HOREL, Warden,

    Respondent.                        FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 29, 2007, the undersigned ordered respondent to serve a response to the petition. On January 31, 2008, respondent filed a motion to dismiss on the ground that petitioner filed his petition beyond the one-year statute of limitations contained in 28 U.S.C. § 2244(d). On February 19, 2008, petitioner filed a timely opposition to respondent's motion to dismiss. Respondent has not filed a reply.

**BACKGROUND**

        Petitioner challenges a judgment of conviction entered in the San Joaquin County Superior Court on January 23, 2004. (Pet. at 2.) Following a jury trial, petitioner was convicted of attempted murder, shooting at an occupied motor vehicle, shooting at an inhabited dwelling, two counts of assault and street terrorism. (Id.; Resp't's Mot. to Dismiss at 1.) A number of

1

1  enhancement allegations were found by the jury to be true.  Petitioner was sentenced to fifteen
2  years to life, with a determinate term of eleven years and four months in prison.  (Resp't's Mot.
3  to Dismiss at 2.)  On February 4, 2005, the California Court of Appeal for the Third Appellate
4  District affirmed petitioner's judgment of conviction.  (Id.)  On April 13, 2005, the California
5  Supreme Court denied petitioner's petition for review.  (Docs. Lodged by Resp't Feb. 11, 2008,
6  Docs. 1.)

7        Petitioner filed three state collateral challenges to his conviction.  On December
8  29, 2005, petitioner filed a petition for writ of habeas corpus in the San Joaquin County Superior
9  Court.  (Docs. Lodged by Resp't Feb. 11, 2008, Docs. 2.)  On March 3, 2006, the Superior Court
10  denied the petition on the merits.  (Id., Doc. 3.)  On April 12, 2006, petitioner filed a petition for
11  writ of habeas corpus in the California Court of Appeal for the Third Appellate District.  (Id.,
12  Doc. 4.)  On May 18, 2006, the Court of Appeal summarily denied the petition.  (Id., Doc. 5.)
13  Finally, on August 2, 2006, petitioner filed a petition for writ of habeas corpus in the California
14  Supreme Court.  (Id., Doc. 6.)  On February 14, 2007, the California Supreme Court denied that
15  petition without prejudice to any relief petitioner may have been entitled to after the court
16  determined the effect of the decision in Blakely v. Washington, 542 U.S. 296 (2004) upon
17  California law.  (Id., Doc. 7.)  Petitioner filed this federal habeas action on November 13, 2007.

18                    **RESPONDENT'S MOTION TO DISMISS**

19        Respondent has filed a motion to dismiss on the grounds that the petition pending
20  before the court is time-barred.  Respondent contends that the Antiterrorism and Effective Death
21  Penalty Act of 1996 (AEDPA) applies here and that petitioner filed his federal petition beyond
22  the one-year statute of limitations set out in 28 U.S.C. § 2244(d)(1) & (2).  (Resp't's Mot. to
23  Dismiss at 1 & 3.)

24        On April 13, 2005, the California Supreme Court denied petitioner's petition for
25  review.  (Resp't's Mot. to Dismiss at 3.)  Respondent contends that petitioner's judgment of
26  conviction became "final" within the meaning of 28 U.S.C. § 2244(d)(1)(A) when the time for

filing a petition for writ of certiorari expired ninety days later, on July 12, 2005. (Id.) The one-year statute of limitations period began running the following day, on July 13, 2005. (Id.) Respondent argues that the last day for petitioner to file a federal habeas petition was on July 13, 2006, plus any time for tolling. (Id.)

Respondent acknowledges that proper filing of a state post-conviction application with respect to the challenged judgment of conviction tolls the one-year statute of limitations. (Resp't's Mot. to Dismiss at 3.) Petitioner filed three habeas petitions in state court, proceeding to the next higher state court upon receiving a denial of relief. Respondent argues that 169 days elapsed before petitioner filed his first petition for writ of habeas corpus with the San Joaquin County Superior Court. (Id. at 4.) Respondent concedes that petitioner is entitled to tolling from December 29, 2005, the date the petitioner filed his first petition with the San Joaquin County Superior Court, through May 18, 2006, the date the California Court of Appeal denied petitioner's second petition. (Id. at 4.) However, respondent argues that petitioner is not entitled to tolling for the seventy-six day period between May 18, 2006, the date the California Court of Appeal denied petitioner's second petition and August 2, 2006, the date the petitioner filed his third petition with the California Supreme Court. (Resp't's Mot. to Dismiss at 4.) In this regard, respondent contends that the seventy-six day delay between the denial and the filing of the next petition was unreasonable and unjustified. (Id.)

Finally, respondent concedes that petitioner is entitled to statutory tolling from the period of August 2, 2006, the date the petitioner filed his petition with the California Supreme Court, through February 14, 2007, the date the California Supreme Court denied petitioner's petition. (Resp't's Mot. to Dismiss at 5.)[1]

Thus, according to respondent's calculation, 169 days elapsed before petitioner filed his first state habeas petition, and another 76 days elapsed between the California Court of

---

[1] Petitioner did not file any further state petitions after the February 14, 2007 denial of relief. (Id.)

1  Appeal's denial of his second petition and petitioner's filing of his third petition in the California
2  Supreme Court. (Resp't's Mot. to Dismiss at 4-5.) Respondent contends that, with the benefit of
3  tolling for petitioner's first and second petitions, the statute of limitations expired on June 15,
4  2007. Since petitioner did not file his federal petition until November 13, 2007, he exceeded the
5  one-year period allowed under § 2244(d). Respondent concludes that this action should be
6  dismissed with prejudice. (Id. at 5-6.)

### PETITIONER'S OPPOSITION

In opposition to respondent's motion to dismiss, petitioner does not dispute that he filed his federal petition after more than one year had run on the statute of limitations. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 1.) However, he offers the following explanation for why the delay was justified in his case, arguing that: (1) Pelican Bay State Prison denied him his legal documents for twenty-one days, starting January 27, 2007, upon his transfer to administrative segregation; (2) Pelican Bay State Prison denied him physical access to the law library, notwithstanding his repeated requests for access; (3) he experienced a heart condition and spent time in the infirmary, further delaying his work on his petition; and (4) he had to split what time he did have in the library because he was working on two petitions, challenging separate convictions. (Id. at 1-6.)

### ANALYSIS

I. <u>Application of §§ 2244(d)(1)(A)</u>

Under the AEDPA, a one-year period of limitation applies to a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). This statute of limitations applies to all federal habeas petitions filed after the AEDPA was enacted. <u>Lindh v. Murphy</u>, 521 U.S. 320, 322-23 (1997). The pending petition falls in this category.

The California Supreme Court denied petitioner's petition for review on April 13, 2005, and petitioner's judgment of conviction became final on July 12, 2005, upon expiration of

the time for filing a petition for writ of certiorari in the United States Supreme Court. See Bowen v. Roe, 188 F.3d 1157, 1158-1159 (9th Cir. 1999). Accordingly, the AEDPA statute of limitations began to run for petitioner on July 13, 2005. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). It expired one year later, on July 12, 2006, unless petitioner is entitled to the benefit of tolling.

II. Statutory Tolling

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

Here, the AEDPA statute of limitations had run for 169 days before petitioner filed his first state collateral challenge in the San Joaquin Superior Court on December 29, 2005. On March 3, 2006, the Superior Court denied the petition on the merits. On April 12, 2006, petitioner filed his second state collateral challenge to his conviction in the California Court of Appeal. On May 18, 2006, the Court of Appeal denied the petition. Finally, on August 2, 2006, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. On February 14, 2007, the California Supreme Court denied that petition. The AEDPA statute of limitations then began to run again for at least 252 days more before petitioner signed his federal petition on October 25, 2007, which the court filed on November 13, 2007.

/////

Petitioner waited more than five months after his conviction became final before filing his first state habeas petition with the San Joaquin County Superior Court.  Petitioner then waited nearly nine months after the California Supreme Court denied his final state habeas petition before filing his federal habeas petition.  Even assuming petitioner was entitled to the statutory tolling the entire time he was pursuing his state habeas petitions, petitioner's federal petition would still be untimely by at least 56 days.  28 U.S.C. § 2244(d).

III.  Equitable Tolling

Petitioner has offered four explanations for the delay in filing his federal petition, which the court has construed as arguments for equitable tolling of the statute of limitations.  The Supreme Court has held that, "a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  See also Lawrence v. Florida, ___ U.S. ___, 127 S. Ct. 1079 (2007) (assuming without deciding that equitable tolling applies to § 2244(d)).  Equitable tolling will be unavailable in most cases.  See Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  Here, the court finds that petitioner has failed to demonstrate that he is entitled to equitable tolling.

First, petitioner's claim that prison authorities withheld his legal documents after his transfer to administrative segregation does not amount to "extraordinary circumstances." As petitioner explains, at most, prison officials withheld his property for approximately twenty-one days.  Moreover, petitioner acknowledges that, when he explained his situation to Correctional Officer Osborne, Officer Osborne ensured that petitioner received his legal materials.  A prisoner's lack of access to his legal materials may warrant equitable tolling under certain circumstances.  See Lott v. Mueller, 304 F.3d 918, 924 (9th Cir.2002) (a prisoner's lack of access to his legal files for reasons beyond his control may justify equitable tolling if the lack of access made it impossible for the prisoner to file his federal habeas petition in a timely manner).

However, here, petitioner's temporary lack of access to his documents for three weeks in January of 2007 did not make impossible for him to file a timely federal petition by August of 2007.

      Second, petitioner's limited access to the law library does not constitute "extraordinary circumstances." In fact, the exhibits attached to his opposition to the pending motion demonstrate that petitioner had repeated access to the library. Those records reflect that petitioner physically accessed the "B" Facility Law Library on January 8, 2007, and January 19, 2007. Petitioner also accessed the library a total eight additional hours between January 27, 2007, and August 27, 2007. In addition, on February 15, 2007, and February 23, 2007, petitioner received the cell study materials he requested from the "A" Facility Library. On February 9, 2007, petitioner also received three manila envelopes for legal mailing, and on February 12, 2007, petitioner received several forms he requested from the "A" Facility Library. Although petitioner may have desired additional time in the library, any limitation on his access to the library in this case does not warrant equitable tolling. In this regard, delay in gaining access to the prison library is not a ground for equitable tolling. See United States v. Van Poyck, 980 F. Supp. 1108, 1111 (C.D. Cal. 1997) (holding that the inability to secure copies of transcripts from court reporters and lockdowns at prison lasting over one week and allegedly eliminating access to law library were not extraordinary circumstances and did not equitably toll the one-year statute of limitations). "Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition." Boyd v. Kramer, No. Civ. S-05-00988 ALA HC, 2008 WL 782766, *6 (E.D. Cal. Mar. 21, 2008) (quoting Atkins v. Harris, No. C 98-3188 MJJ (PR), 1999 WL 13719, *2 (N.D. Cal. Jan. 7, 1999) (reasoning that lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations.")). Cf. Lindquist v. Idaho State Board of Corrections, 776 F.2d 851, 858 (9th Cir. 1985) ("[T]he Constitution does not guarantee a prisoner unlimited access to a law library.")

/////

Third, petitioner's claim that he suffered from a heart condition from February 14, 2007 to May 7, 2007, does not constitute "extraordinary circumstances" justifying equitable tolling on the record before the court.  Petitioner has not presented any evidence, such as medical records, hospital records, prescriptions, or his own declaration or the declarations of those physicians who treated him, to support his allegations.  Moreover, as noted above, during this same time period during which petitioner claims to have been hampered in his efforts by his heart condition, the records before the court establish that he accessed the prison law library on several occasions and conducted legal research with respect to his federal petition.  Petitioner also aggressively pursued his administrative grievance regarding his alleged lack of access to the law library during this time period.  Although petitioner spent some time in the infirmary, his record of activities during this periods contradict his assertion that he was rendered incapable of filing a timely federal petition by his condition.

Finally, petitioner's claimed need to devote time to two separate habeas petitions challenging different convictions does not constitute "extraordinary circumstances" justifying equitable tolling.  Petitioner chose to pursue his legal remedies in this manner.  No external forces account for petitioner's failure to file a timely federal petition.  See Lott, 304 F.3d at 923 ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate."); Miles, 187 F.3d at 1107.  Here, petitioner's delay in filing his federal petition was due to a lack of diligence on his part.

Accordingly, the court concludes that petitioner is not entitled to equitable tolling of the statute of limitations.  Petitioner's federal petition for a writ of habeas corpus is time-barred and this action should be dismissed with prejudice.

/////
/////
/////
/////

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Respondent's January 31, 2008 motion to dismiss the petition as barred by the statute of limitations be granted; and

2. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 16, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
gonz2435.157

9