IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICKY GONZALES,

    Petitioner,                   2:07-cv-2435-GEB-DAD-P

    vs.

ROBERT A. HOREL, Warden,

    Respondent.                <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 3, 2008, judgment was entered in this court denying the petition. On October 20, 2008, petitioner filed a notice of appeal. Before petitioner can appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Federal Rule of Appellate Procedure 22(b) requires the district court judge who rendered a judgment denying such petition to "either issue a certificate of probable cause or state the reasons why such a certificate should not issue."

        The timely filing of a notice of appeal is a jurisdictional requirement. <u>Scott v. Younger</u>, 739 F.2d 1464, 1466 (9th Cir. 1984). Here, the time limit for filing a notice of appeal

/////

1 | following entry of judgment is thirty days.  <u>See</u> Fed. R. App. P. 4(a).  Petitioner's notice of appeal
2 | in this action was filed more than thirty days after entry of judgment.
3 |        The United States Court of Appeals for the Ninth Circuit has held that the
4 | issuance of a certificate of probable cause cannot vest the court of appeals with jurisdiction if
5 | jurisdiction is not proper in that court.  <u>Hayward v. Britt</u>, 572 F.2d 1324, 1325 (9th Cir. 1978).
6 | The rationale of <u>Hayward</u> applies with equal force to a certificate of appealability.  For these
7 | reasons, the court declines to issue a certificate of appealability.
8 |        IT IS SO ORDERED.
9 | Dated:  November 17, 2008

*/s/ Garland E. Burrell, Jr.*
GARLAND E. BURRELL, JR.
United States District Judge